UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | No. | 21-CR-536-CCK |
| | ) | | |
| KAROL J. CHWIESIUK | ) | Hon. Judge | Colleen Kollar-Kotelly |
| | ) | | |

**CHWIESIUK'S OBJECTION TO THE PROTECTIVE ORDER**

COMES NOW the defendant, KAROL CHWIESIUK ("CHWIESIUK"), by and through his undersigned counsel, and moves this Honorable Court to Strike paragraph 6 of the Protective Order. In support thereof, CHWIESIUK states as follows:

1. Paragraph 6 (A) in the proposed protective order states:

   6. Additional Rules for Handling of Highly Sensitive Materials. The following additional rules apply to Highly Sensitive materials:

   a. Additional Limitations on Dissemination. Defense counsel may not provide a copy of Highly Sensitive materials to Defendant or permit Defendant to view such materials unsupervised by defense counsel or an attorney, investigator, paralegal, or support staff person employed by defense counsel. The parties agree that defense counsel or an attorney, investigator, paralegal, or support staff person employed by defense counsel, may supervise Defendant by allowing access to Highly Sensitive materials through a cloud-based delivery system that permits Defendant to view the materials but does not permit Defendant the ability to download; provided that, prior to doing so, defense counsel first provides notice to the United States and allow the United States to file an objection with the Court if no agreement is reached.

2. Defendant objects to the limitation imposed by said language in that it restricts his ability to assist in his own defense which is a violation of his Due Process Rights.

3. The Government has the burden to show good cause here, as the party seeking the protective order. *See United States v. Cordova*, 806 F.3d 1085, 1090 (D.C.

Cir. 2015). "When the Government is seeking a protective order, it bears the burden of showing that good cause exists for its issuance. Good cause requires a 'particularized, specific showing.'" [Internal citation omitted.] *United States v. Dixon*, 355 F. Supp. 3d 1, 4 (D.D.C. 2019). "In determining whether good cause exists, courts have considered whether (1) disclosure of the materials in question would pose a hazard to others; (2) the defendant would be prejudiced by a protective order; and (3) the public's interest in disclosure outweighs the possible harm." *Id.* In weighing the need for a protective order against constitutional prejudice to the Defendant or harm to the public, "the Court considers two factors—the nature and circumstances of the alleged crime and the Defendant's criminal history. Considering the type of crime charged helps assess the possible threats to the safety and privacy of the victim." *Id*.

4. Here, Defendant is not making a blanket objection to the Protective order, rather objecting to the restrictions of Defendant's ability to access materials that the Government deems highly sensitive.  Why would Defendant need to be supervised to watch a video?  The Government provides no basis for that.  The defendant will be obligated to follow the protective order or could be charged with additional crimes, yet the Government offers no evidence that this Defendant would not do so.  Instead, the government is arguing its media based concocted story about their January 6 investigation with absolutely no particularization to this defendant and the charges against him.  This argument is too broad and too remote to meet the constitutional burden that the government has in seeking. See *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501 (1984).

5. Paragraph 6a of the proposed order essentially forbids undersigned counsel from providing copies of crucial evidence to this defendant to view or in the alternative, babysit him as he views it; hence, the only way that the defendant may view such materials is in the presence of undersigned counsel or his agent(s). This restriction would be an unreasonable limitation on the ability of the defendant to aid in his own defense as it limits his time and efforts in assisting in his own defense.

WHEREFORE Defendant request that if the protective order is entered that limitation in paragraph 6(a) be stricken

<u>s/ Nishay K. Sanan</u><br>
**NISHAY K. SANAN**, Attorney for Defendant

**LAW OFFICE OF NISHAY K. SANA**N
53 West Jackson Boulevard, Suite 1424
Chicago, Illinois 60604
(312) 692-0360