**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-cr-536 (CKK)** |
| | : | |
| **KAROL J. CHWIESIUK,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

The United States of America hereby respectfully submits its reply in support of its motion for the entry of a protective order governing the production of discovery by the parties in the above-captioned case. Defendant asks this Court not to grant the government's proposed protective order because it would be too onerous and would require that he "babysit" his client. The Court has asked the government to explain the need to monitor the defendant's ability to view and access Highly Sensitive video discovery in this case, and how that objective is furthered by the proposed protective order. The government respectfully requests to defer as to both defendant's claims and the Court's request as both are not yet entirely ripe for consideration. Instead, this Court should grant the government's proposed protective order so that the provision of discovery may continue, and should any disputes actually arise instead of in the hypothetical realm, then the parties will seek to resolve them pursuant to the order's provisions.

The government's proposed protective order and the motion seeking its issuance give examples of discovery that—once disclosed—will *likely* receive certain designations, to include Sensitive and Highly Sensitive. *Once* discovery is turned over, *if* it receives a Highly Sensitive designation, then paragraph 6(a) will apply, to include all the additional rules for the handling of Highly Sensitive information. Concomitant to a Highly Sensitive designation is the limiting of a

defendant's ability to download and keep a copy of Highly Sensitive discovery and setting forth rules for how the defendant may view the Highly Sensitive discovery. None of this has yet occurred in this case and this Court should not get bogged down in its consideration of an infinite number of what about-isms.

Nonetheless, once the discovery is turned over with a certain designation, *if* the defendant disagrees with the government's designation, *at the time* defense counsel would reach out to the government and seek to find a mutually agreeable solution without requiring the intervention of the Court. The government takes these potential disagreements regarding designation into account in its proposed protective order. Specifically, Paragraph 8 of the proposed order requires the parties to make a good faith effort to resolve any dispute about a sensitivity designation before requesting the Court's intervention. Under this provision, the defense will reach out to the government at the appropriate time to ask that the sensitivity designation be reduced or removed. The beauty of having this protective order in place from the beginning is that instead of delaying production of evidence until after the issue is litigated document by document, it allows the government to get the relevant evidence to the defense as quickly as possible and thereby allows the defense to use that evidence for its primary purpose—to prepare for the case. At the same time, the protective order sets up a procedure on the backend to deal with disagreements about specific items in a reasonable and informed manner. This is critical in such a large and complex case such as this one, with such a voluminous amount of evidence.

Regarding surveillance footage, for the reasons described above and in its previous filings, the government may mark surveillance video footage from the USCP surveillance cameras as Highly Sensitive. In her recently issued Memorandum Opinion and Order, Chief Judge Howell agrees that "Generally speaking, the government's interest in maintaining the security of the U.S.

Capitol is indisputably very strong." *United States v. Torrens*, 21-CR-204-2 (BAH), ECF No. 83. She continues, "Concern about security in particularly sensitive areas of the U.S. Capitol is warranted and might weigh against disclosure" to the news media in certain circumstances. *Id.* To be clear, the Chief Judge found that in the case of *Torrens*, the circumstances did not foreclose disclosure to the news media, but she recognized that it is not unreasonable for the government to be concerned about protecting the security of the Capitol, especially when it comes to the release of vast quantities of surveillance footage to each of the more than six hundred defendants currently charged in the Capitol Attack. The government emphasizes that the question of whether the surveillance video in this case should be tendered to this defendant with or without any sort of designation is not currently before this Court and is not ripe for consideration. The government has not at present designated any discovery in this case as Highly Sensitive. The proposed protective order simply lays the framework for what will happen if or when such a designation is made.

To that end, the same protective order that the government has proposed in this case has been issued in nearly every Capitol Attack case that is currently pending in this district. Most of the time, the government's proposed order goes unopposed, but even in cases where the order has been opposed, the courts have issued it over defense counsels' objections. To the government's knowledge, the proposed order's framework for how to resolve disputes *if* they arise has been impactful and assistive to the courts of this District. Defendant has not identified nor is the government aware of any instance where the proposed and negotiated protective order and its provisions has hindered—instead of helped—the progression of discovery and the resolution of a case.

In his succinct motion, defendant did not attempt to distinguish how he is unique or different from the over six hundred similarly situated defendants in the Capitol Attack cases. He has not identified or justified to the Court any special circumstance or reason, other than inconvenience, why all the protective order that is working in every other case cannot work in his.

Again, the main quibble seems to be with the fact that *if* the government provides discovery with a Highly Sensitive designation, the defendant cannot keep a copy of it and cannot watch it without counsel or a duly authorized representative in the room. *If* we get to that point in this case, and there is no guarantee that we will, *then* will be the appropriate time for the defendant to reach out to the government and attempt to negotiate any disagreements about the order's alleged inconvenience.

For these reasons and those stated in our motion, the Government has demonstrated the "good cause" required for the Court to issue a protective order governing the production of discovery in this matter. *See United States v. O'Keefe*, No. 06-CR-0249, 2007 WL 1239204, at *2 (D.D.C. Apr. 27, 2007) (describing the court's discretion as "vast"); *Cordova*, 806 F.3d at 1090 ("[A] 'trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.'" (quoting *Alderman v. United States*, 394 U.S. 165, 185 (1969)).

[THIS SPACE INTENTIONALLY BLANK]

For the foregoing reasons, the Government has demonstrated good cause for the Court to issue a protective order governing the production of discovery in this matter.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By: ______________________________
Sean P. Murphy
Assistant United States Attorney
D.C. Bar No. 1187821
Torre Chardón, Ste 1201
350 Carlos Chardón Ave
San Juan, PR 00918
787-766-5656
sean.murphy@usdoj.gov