UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-CR-536 |
| v. : | |
| : | |
| [1] KAROL J. CHWIESIUK, : | |
| [2] AGNIESZKA CHWIESIUK, : | |
| : | |
| Defendants. : | |

**GOVERNMENT'S MOTION IN LIMINE
REGARDING KAROL CHWIESIUK'S POST-ARREST STATEMENT**

Following his arrest, Defendant Karol Chwiesiuk was transported to the Courthouse for his initial appearance. During the drive, an agent asked Karol Chwiesiuk what he likes to do during his free time. The defendant replied, "invading capitols." The Government anticipates that the defendant will object to the admission of this statement under Rules 401 and 403 of the Federal Rules of Evidence.[1] The Government, therefore, asks the Court to determine the admissibility of the statement before trial or, if the Court reserves ruling, to consider the arguments below when the issue arises during trial.

**I.   Background**

On January 6, 2021, a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S. Presidential Election. While the certification process was proceeding, a large crowd gathered outside the United States Capitol, entered the restricted grounds, and forced entry into the Capitol building. As a result, the Joint Session and the entire official proceeding of the Congress was halted

---

[1] Counsel discussed this issue in person following the Pretrial Conference on July 10, 2023. Defense counsel indicated that he intends to object to admission of this statement under Rules 401 and 403 of the Federal Rules of Evidence. At that time, defense counsel said that he did not intend to move to suppress the statement. This motion, therefore, addresses only the anticipated evidentiary issues.

until law enforcement was able to clear the Capitol of hundreds of unlawful occupants and ensure the safety of elected officials.

Karol and Agnieszka Chwiesiuk live at their family home in Chicago, Illinois. In January 2021, they rented a car and travelled together from Chicago, Illinois, to Washington, D.C. In the evening of January 5, 2021, Karol Chwiesiuk walked from the Mayflower Hotel, where he and his sister had booked a room, to the U.S. Capitol. There, Karol Chwiesiuk took a selfie photograph in front of a barricade and a sign stating AREA CLOSED.

 

*Images 1 and 1a (left to right): A selfie photograph of Karol Chwiesiuk in front of the U.S. Capitol the evening of January 5, 2021; and a close-up of the sign in the photo reads AREA CLOSED.*

On January 6, 2021, the Chwiesiuks attended former President Trump's rally and speech at the Ellipse, after which they marched down Pennsylvania Ave to the U.S. Capitol. Once they reached the restricted Capitol grounds, they walked together up to the NW Terrace of the Capitol, through the dense and raucous crowd gathered outside a breach point known as the Senate Wing Door, through a broken-out doorway, and unlawfully into the Capitol. Once inside, the Chwiesiuks walked south towards the Crypt, with Karol Chwiesiuk stopping to step into and take a selfie inside of Senator Merkley's hideaway office. The Chwiesiuks spent approximately ten minutes inside the

Capitol—from approximately 2:58 p.m. to 3:08 p.m.—before leaving through a broken-out window.

Based on his actions on January 6, 2021, Karol Chwiesiuk is charged with Entering and Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1); Disorderly or Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G); and Entering or Remaining in a Room Designated for the Use of a Member of Congress, in violation of 40 U.S.C. § 5104(e)(2)(C)(i)). ECF No. 54.

The defendant was arrested on June 11, 2021, at his Chicago home. Following his arrest, an FBI Agent drove the defendant to the Courthouse for his initial appearance. During the drive, the two engaged in conversation unrelated to the pending charges. The agent asked the defendant what he enjoyed doing during his free time. The defendant responded, "invade capitols." The conversation is documented in a report that was previously disclosed in discovery. The Government intends to introduce it through the agent's testimony.

**II.     Standard**

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. "The general rule [] that relevant evidence is admissible," *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993) (omission added), is a "liberal" standard, *United States v. Moore*, No. 18-cr-198, 2022 WL 715238, at *2 (D.D.C. Mar. 10, 2022). Relevant evidence may be excluded only if "its probative value is substantially outweighed by a danger of" unfair prejudice. Fed. R. Evid. 403. The government, however, is not required "to sanitize its case, to deflate its

witnesses' testimony or to tell its story in a monotone." *United States v. Gartmon,* 146 F.3d 1015, 1021 (D.C. Cir. 1998).  Moreover, "Rule 403 does not bar powerful, or even prejudicial evidence. Instead, the Rule focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger *substantially* outweighs the evidence's probative value." *United States v. Pettiford*, 517 F.3d 584, 590 (D.D. Cir. 2008) (emphasis in original) (cleaned up).

### III.     The defendant's statement is relevant.

The defendant has been charged by information in this case with, among other counts, violating 18 U.S.C. § 1752(a)(1) and (a)(2), by knowingly entering or remaining on restricted grounds without lawful authority. ECF No. 54. The statute defines "restricted buildings or grounds" to include any posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person being protected by the Secret Service is or will temporarily be visiting. 18 U.S.C. § 1752(c)(1)(B). The defendant has also been charged with violating 40 U.S.C. § 5104(e)(2)(D), by engaging in disorderly or disruptive conduct in any of the United States Capitol Buildings, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress, and that the defendant acted willfully and knowingly.  A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law.

The defendant's remark, that he likes to "invade capitols" is relevant to whether Karol Chwiesiuk acted willfully and knowingly.  "Invade" means to enter for conquest or plunder. *Invade*, Merriam-Webster Dictionary (online edition), *available at* https://www.merriam-webster.com/dictionary/invade (last visited July 10, 2023).  His word choice indicates that he intended to attack, occupy, and conquer the Capitol building.  His statement is relevant to and

highlights his willful and knowing intent for entering the Capitol on January 6, 2021. As such, the defendant's statement meets the low threshold of relevance under Rule 401.

    **IV.**    **The defendant's statement is not unfairly prejudicial.**

The Government anticipates that the defendant will argue that the statement is inadmissibly prejudicial under Rule 403. However, "the test under Rule 403 is unfair prejudice, not just any prejudice or harm to the defense." *United States v. Sitzmann*, 856 F. Supp. 2d 55, 61-62 (D.D.C. 2012). "Virtually all evidence, is prejudicial or it isn't material. The prejudice must be unfair." *United States v. Cassell*, 292 F.3d 788, 796 (D.C. Cir. 2002).

Here, the defendant's statement does not meet the high standard of unfair prejudice outweighing probative value. The defendant's statement directly relates to his disruptive conduct on January 6, 2021, at question in this case, and the statement was freely offered up on his own accord. It is difficult to imagine how the defendant's own volunteered commentary on the events in question would unfairly prejudice the defendant in the jury's analysis of those events.

Furthermore, "[i]n a Rule 403 analysis, 'it is a sound rule that the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the offense charged.' *United States v. Wilkins*, 538 F. Supp. 3d 49, 54 (D.D.C. 2021) quoting *United States v. Day*, 591 F.2d 861, 878 (D.C. Cir. 1978). Given the close relationship between the defendant's statement and the offenses charged, it follows that the statement should be admissible.

    **V.**    **Conclusion**

For the reasons set forth herein, the United States respectfully requests that this Court determine the statement made by defendant to be admissible in trial or, if the Court reserves ruling, to consider the foregoing arguments when the issue arises during trial.

                                          Respectfully submitted,

                                          MATTHEW M. GRAVES  
                                          United States Attorney  
                                          D.C. Bar No. 481052

DATED: July 18, 2023            By:    /s/ Anna Z. Krasinski  
                                          Anna Z. Krasinski  
                                          Assistant United States Attorney  
                                          N.H. Bar No. 276778  
                                          On Detail from the District of New Hampshire  
                                          202-809-2058  
                                          Anna.Krasinski@usdoj.gov

                                          Sean P. Murphy  
                                          Assistant U.S. Attorney  
                                          D.C. Bar No. 1187821  
                                          On Detail from the District of Puerto Rico  
                                          Torre Chardon, Ste. 1201  
                                          350 Carlos Chardon Ave.  
                                          San Juan, PR 00918  
                                          787-766-5656  
                                          sean.murphy@usdoj.gov