UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 21 CR 536 |
| v. | ) | |
| | ) | |
| KAROL J. CHWIESIUK & | ) | Hon. Ana C. Reyes |
| AGNIESZKA CHWIESIUK | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE*
REGARDING KAROL CHWIESIUK'S POST-ARREST STATEMENT**

The defendants, Karol J. Chwiesiuk and Agnieszka Chwiesiuk, through their counsel, respond in opposition to the government's motion *in limine* to admit Karol Chwiesiuk's post-arrest statement. Dkt. 91. The defendants respectfully request that this Court deny the motion. In support, the Chwiesiuks state:

**I.    The Post-Arrest Statement Should be Excluded Under Fed. R. Evid. 401 and 403**

The government asks the Court to determine the admissibility of a post-arrest statement made by Karol Chwiesiuk. Specifically, the government intends to admit testimony that on June 11, 2021, an FBI agent transporting Karol Chwiesiuk to court after his arrest asked what he enjoyed doing during his free time and Mr. Chwiesiuk responded, "invade capitols." Dkt. 91. The motion should be denied.

Evidence is relevant if it "has any tendency to make a fact more or less probable… and the fact is of consequence in determining the action." Fed. R. Evid. 401. The government argues that the statement is relevant in that it "highlights [Mr. Chwiesiuk's] willful and knowing intent for entering the capitol on January 6, 2021." *Id.* at 5. However, the statement at issue was made 5 months after the alleged commission of the crime. In the 5 months between January 6, 2021 and Mr. Chwiesiuk's arrest, the media heavily covered the events and Mr. Chwiesiuk learned many details of what took place that he could not have personally observed on January 6, 2021 based on his time of arrival and

1

location at the capitol. Thus, while this statement may be construed to suggest his opinion on past events 5 months later, it does not demonstrate the intent or knowledge that Mr. Chwiesiuk had on January 6, 2021.

Further, the statement should be excluded in that "its probative value is substantially outweighed by a danger of "unfair prejudice." Fed. R. Evid. 403. The statement at issue here is a flippant comment to an arresting officer. If taken seriously, it may demonstrate what Mr. Chwiesiuk thought of the events after 5 months had passed; however, it does not demonstrate what knowledge or intent he had at the time of the alleged crime. This Court has previously held that the probative value of statements is lessened when made far in time after the alleged crime in that such statements "give rise to a weaker inference as to motive at the time of the [alleged crime]." *United States v. Khatallah*, No. 14-cr-00141, 2017 U.S. Dist. LEXIS 227265, *7 (D.D.C. Sep. 7, 2017) (citing *United States v. Watson*, 894 F.2d 1345, 1349 (D.C. Cir. 1990)).

Compared to this low probative value, the risk of unfair prejudice is high. The jury is likely to hold the statement against Mr. Chwiesiuk in its analysis despite its inability to demonstrate his knowledge or willfulness at the relevant time. This risk of unfair prejudice extends to Angieszka Chwiesiuk as well in that the jury may hold Mr. Chwiesiuk's statements against her because they were together. Mr. Chwiesiuk's post-arrest statement is too far-removed from his commission of the crime to be relevant, and any probative value is outweighed by the risk of prejudice. Thus, the Court should deny the government's motion.

## II. Mr. Chwiesiuk's Post-Arrest Statement is Hearsay and its Admission is Violative of Ms. Chwiesiuk's Sixth Amendment Rights

The statement should further be excluded as hearsay. Hearsay testimony is generally inadmissible. Fed. R. Evid. 802. Hearsay is a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Here, the government intends to introduce

the out-of-court statement of Angieszka Chwiesiuk's codefendant to prove the truth of the matter asserted. The statement is one in which Mr. Chwiesiuk states that he "invades capitols." As the government writes, "[Mr. Chwiesiuk's] word choice indicates that he intended to attack, occupy, and conquer the Capitol building." Dkt. 91 at 4. The government intends to introduce the statement to prove its truth and thus, the statement is inadmissible hearsay. While the statement would qualify as non-hearsay when admitted against Mr. Chwiesiuk, no such exception applies to Ms. Chwiesiuk.

Further, the admission of this statement would violate Ms. Chwiesiuk's Sixth Amendment rights. The right "to be confronted with the witnesses against" a person is essential to a fair trial and guaranteed by the Sixth Amendment. U.S. Const. amend. VI. In *Crawford v. Washington*, the Supreme Court held that the Confrontation Clause bars the admission of testimonial statements unless the declarant is unavailable, and the defendant had a prior opportunity for cross examination. 541 U.S. 36, 68 (2004). Statements are testimonial when the primary purpose is to establish or prove past events potentially relevant to later criminal prosecution. *Davis v. Washington*, 126 S. Ct. 2266, 2273-74 (2006). Here, Mr. Chwiesiuk cannot be compelled to testify, and Ms. Chwiesiuk has had no prior opportunity for cross. His post-arrest statement is testimonial in that the government's argument for admission is that it proves key elements of its criminal prosecution. As such, the introduction of this testimonial statement violates Ms. Chwiesiuk's Sixth Amendment right to confrontation.

For these reasons, the defendants, Karol J. Chwiesiuk and Angieszka Chwiesiuk, respectfully request that this Court deny the government's Motion *in Limine* to admit the post-arrest statement of Karol J. Chwiesiuk.

    Respectfully submitted,

*/s/ Nishay K. Sanan*
nsanan@aol.com

*/s/ Cece White*
cece@sananlaw.com

Nishay K. Sanan, Esq.
53 W. Jackson Blvd., Suite 1424
Chicago, Illinois 60604
Tel: 312-692-0360
Fax: 312-957-0111