UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-CR-536 (ACR) |
| v. : | |
| : | |
| [1] KAROL J. CHWIESIUK, : | |
| [2] AGNIESZKA CHWIESIUK, : | |
| : | |
| Defendants. : | |

GOVERNMENT'S REPLY TO
DEFENDANTS' RESPONSE IN OPPOSTION

Defendants Karol J. Chwiesiuk and Agnieszka Chwiesiuk, who are charged in connection with events at the U.S. Capitol on January 6, 2021, responded in opposition (ECF No. 92) to the government's motion *in limine* for a pretrial ruling regarding the admissibility of Karol Chwiesiuk's post-arrest statement (ECF No. 91). Defendants argue that the statement is irrelevant, unduly prejudicial, and violates the Confrontation Clause as to Agnieszka Chwiesiuk. *Id*. None of the rules or laws cited to by the defendants require this Court to exclude Karol Chwiesiuk's answer—invade capitols—to the question of what he likes to do in his free time. The government asks this Court to find that the post-arrest statement is admissible and grant the government's motion.

The government will not rehash its arguments over the relevance of the statement. It is relevant. When asked how he spends his free time, Karol Chwiesiuk could have said anything. He chose to say that he likes to invade capitols. Flippant or not, this is a claim that directly relates to the crime for which he was then being arrested, and the government should be allowed to introduce it to the jury at trial. This and "similar other challenges go to the *weight* of the evidence—not to its *admissibility*." *United States v. Tin Yat Chin*, 371 F.3d 31, 38 (2d Cir. 2004) (emphasis in original).

The second objection to the statement, which appears to have been raised by Agnieszka, is on the grounds that it violates her rights under the Sixth Amendment of the U.S. Constitution "to be confronted with the witnesses against [her]." U.S. Const. Amend. VI. Agnieszka points to the U.S. Supreme Court cases of *Crawford* and *Davis v. Washington* in support of her contention. ECF No. 92, p. 3. But because the government seeks to admit this evidence only against Karol, and not Agnieszka Chwiesiuk, a *Bruton* analysis is perhaps a more apt framework for the analysis of this case. Where two defendants are tried jointly, the pretrial statements of one may not be admitted against the other unless the confessing defendant takes the stand. *Bruton v. United States*, 391 U.S. 123, 137 (1968). *Bruton* would only apply, however, to any statement made by Karol Chwiesiuk that "expressly implicates" Agnieszka Chwiesiuk, and as such, is "so incriminating that it constitutes an exception to the general proposition that a judge's limiting instruction will prevent any improper use of the statement by the jury." *United States v. Washington*, 952 F.2d 1402, 1404-05 (D.C. Cir. 1991) (cleaned up). Even in those situations, however, exclusion is not the automatic remedy. In *Richardson*, the Supreme Court held "that the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

The Supreme Court's preferred method of dealing with *Bruton* issues is redaction, not exclusion. Thus, in this case, step one would be to see if Agnieszka Chwiesiuk could be sufficiently redacted from the confession to render it neutral or harmless. The confession, however—Karol's affinity for invading capitols in his free time—does not directly implicate Agnieszka Chwiesiuk. *Richardson* is clear that a statement that is "incriminating by connection" does not implicate the Confrontation Clause. *Id*. at 208-9.

The Supreme Court's decision in *Samia v. United States*, 143 S. Ct. 2004 (2023), supports the government's position on this issue. In *Samia*, the trial court admitted into evidence "a nontestifying codefendant's confession that did not directly inculpate the defendant and was subject to a proper limiting instruction." *Id*. The Court held that the Confrontation Clause was not violated by this admission. The Court went on to reason that, "Expanding *Bruton* in the way Samia proposes would be inconsistent with longstanding practice and this Court's precedents, would work an unnecessary and imprudent change in law, and would require federal and state trial courts to conduct extensive pretrial hearings." *Samia v. United States*, 143 S. Ct. 2004 (2023). As it pertains to Karol Chwiesiuk's post-arrest statement that he likes to invade capitols in his free time, there need be no redaction because Agnieszka is neither named nor indirectly referenced. To be clear, the government does not intend to use Karol's statement against Agnieszka. At the time this evidence is introduced, the government will ask the Court to instruct the jury it can consider this evidence only against Karol.

[THIS SPACE INTENTIONALLY LEFT BLANK]

In short, there is no *Bruton* issue here. Since the questions of relevance and prejudice may be argued before the jury, and no Constitutional rights are violated by the admission of the statement, the government asks this Court to rule that Karol Chwiesiuk's post-arrest statement is admissible.

                                              Respectfully submitted,

                                              MATTHEW M. GRAVES
                                              United States Attorney
                                              D.C. Bar No. 481052

DATED: July 25, 2023        By: /s/ Sean P. Murphy
                                              Sean P. Murphy
                                              Assistant U.S. Attorney
                                              D.C. Bar No. 1187821
                                              On Detail from the District of Puerto Rico
                                              Torre Chardon, Ste. 1201
                                              350 Carlos Chardon Ave.
                                              San Juan, PR 00918
                                              787-766-5656
                                              sean.murphy@usdoj.gov

                                              Anna Krasinski
                                              Assistant U.S. Attorney
                                              On Detail from the District of New Hampshire
                                              53 Pleasant Street, 4th Floor
                                              Concord, NH 03301
                                              603-225-1552
                                              anna.krasinski@usdoj.gov