# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 21 CR 536 |
| v. ) | |
| ) | |
| KAROL J. CHWIESIUK & ) | Hon. Ana C. Reyes |
| AGNIESZKA CHWIESIUK ) | |

## DEFENDANT'S BRIEF IN SUPPORT OF RULE 29 MOTION FOR DISMISSAL OF COUNT 3 OF THE SUPERSEDING INFORMATION

The defendant, Karol J. Chwiesiuk, through his undersigned counsel, submits the following brief in support of his Rule 29 motion to dismiss Count 3 of the superseding information. In support, Mr. Chwiesiuk states:

### I. Background

Karol J. Chwiesiuk is charged with entering and remaining in a restricted building in violation of 18 U.S.C. § 1752(a)(1) (Count One); disorderly or disruptive conduct in a restricted building in violation of 18 U.S.C. § 1752(a)(2) (Count Two); entering or remaining in a room designated for the use of a member of Congress in violation of 40 U.S.C. § 5104(e)(2)(C)(i) (Count Three); disorderly conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Four); and parading, demonstrating, or picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Five). Dkt. 54.

On August 9, 2023, after the government rested, the defendants moved for dismissal of all counts pursuant to Federal Rule of Criminal Procedure 29. The Court denied the motion as to Counts 1, 2, 4, and 5 of the superseding information but asked for further briefing on Count 3. *See* Dkt. 54. Mr. Chwiesiuk submits the instant brief in support of his motion to dismiss Count 3.

**II.     Argument**

The Court should grant the motion to dismiss Count 3 pursuant to Rule 29. The Rule states that "after the government closes its evidence… the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. Pro. 29(a). Here, the government offered insufficient evidence to sustain a conviction on Count 3.

Count 3 charges Mr. Chwiesiuk with entering or remaining in a room designated for the use of a member of Congress in violation of 40 U.S.C. § 5104(e)(2)(C)(i). To convict on this charge, the government must prove: (1) that the defendant entered or remained in a room of the Capitol building set aside or designated for the use of either House of Congress or a Member, committee, officer, or employee of Congress, (2) that the defendant did so with the intent to disrupt the orderly conduct of official business; and (3) that the defendant acted willfully and knowingly. It is undisputed that Mr. Chwiesiuk briefly entered a room that was designated for the use of a member of Congress. However, the government failed to prove the other required elements.

The government failed to prove that the defendant entered the room with the intent to disrupt the orderly conduct of official business at any business in that the government presented no evidence that any official business was occurring in the relevant location when Mr. Chwiesiuk entered (nor did they present any evidence that at anypoint that business occurred or was going to occur). The Court has had no occasion to interpret this section of the statute. However, the statutory scheme and the language of the statute itself clearly establishes that what the government must prove differs by the location that was specifically entered; it is this element that separates each offense under the statute. For the section

charged in Count 3, the defendant must have intended to disrupt the orderly conduct of official business in the specific location. The full language of 40 U.S.C. §5104(e)(2) states:

> (e) Capitol Grounds and Buildings security.
> (2) Violent entry and disorderly conduct. An individual or group of individuals may not willfully and knowingly—
> (A) enter or remain on the floor of either House of Congress or in any cloakroom or lobby adjacent to that floor, in the Rayburn Room of the House of Representatives, or in the Marble Room of the Senate, unless authorized to do so pursuant to rules adopted, or an authorization given, by that House;
> (B) enter or remain in the gallery of either House of Congress in violation of rules governing admission to the gallery adopted by that House or pursuant to an authorization given by that House;
> **(C) with the intent to disrupt the orderly conduct of official business, enter or remain in a room in any of the Capitol Buildings set aside or designated for the use of—**
> **(i) either House of Congress or a Member, committee, officer, or employee of Congress, or either House of Congress; or**
> (ii) the Library of Congress;
> (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress;
> (E) obstruct, or impede passage through or within, the Grounds or any of the Capitol Buildings;
> (F) engage in an act of physical violence in the Grounds or any of the Capitol Buildings; or
> (G) parade, demonstrate, or picket in any of the Capitol Buildings.
>
> 40 U.S.C. § 5104

It is clear when comparing the above sections of this statute that the requisite level of intent changes depending on the specific location. For example, where a person willfully and knowingly enters the floor of Congress, the government is not required to prove that they did so with the intent to disrupt the orderly conduct of official business. 40 U.S.C. § 5104(e)(2)(a). Similarly, where a person willfully and knowingly enters the gallery of either House of Congress, the government is not required to prove they did so with the intent to

3

disrupt the orderly conduct of official business. 40 U.S.C. § 5104(e)(2)(b). For these sections, it is the willful and knowing entry into the location itself that creates the chargeable offense.

Section 5104(e)(2)(D), as charged in Count 4, similarly demonstrates the connection between the requisite intent to disrupt and the specific location. There, the government is required to prove that the defendant engaged in disruptive conduct, but because this section has a broad location element – the person can be at any place on the grounds or any of the buildings – it has a more specific intent requirement – it must be an intent "to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress." Here, in this subsection, it is the conduct, not the conduct in a particular location, that creates the chargeable offense.

On the other hand, Section 5104(e)(2)(C)(i) specifies one specific location – a room designated for the use of a member of Congress. Because of the nature of this location, which could be temporary or could be unmarked, as it was here, the legislatures opted to change the intent requirement, just as they did with all other sections of this statute. Here, that intent is not to disrupt an official session of Congress or a hearing before Congress, or deliberations of a committee of Congress, as is specified in § 5104(e)(2)(D) and charged in Count 4. Thus, where the government charges Section 5104(e)(2)(C)(i) specifically, it must tie the defendant's intent to disrupt the orderly conduct of official business to the location itself. There must be some kind of official business occurring in the entered space that the Defendant intended to disrupt.

Here, the government proved only that Mr. Chwiesiuk entered, not that he entered with the intent to disrupt some kind of official business. The evidence demonstrated that there was no official business occurring in this room at any time that day. The statute does

4

not allow the government to prove that if the defendant had entered at a different time, official business could have hypothetically been occurring. The government must prove that the defendant himself intended to disrupt official business in this specified location. The government failed to do so, and the Court should thus grant the Defendant's motion to dismiss.

Further, the government failed to prove that Mr. Chwiesiuk entered the room willfully and knowingly. There was no evidence to suggest that he knew that the room was designated for a member of Congress. There was no sign on the door stating as such nor was there a sign listing the name of a member of Congress. There was no official business occurring in the room that would have provided Mr. Chwiesiuk with notice that it had been designated for specific uses by specific members of Congress. The evidence demonstrated that Mr. Chwiesiuk briefly entered a room without knowing what the room was for, saw multiple people who were not engaging in any sort of official business, and left. This is insufficient evidence to sustain a conviction.

### III. Conclusion

For these reasons, the defendant, Karol J. Chwiesiuk, respectfully requests that this Court grant his motion to dismiss Count 3 of the superseding information pursuant to Federal Rule of Criminal Procedure 29.

    Respectfully submitted,

    /s/ Nishay K. Sanan
    nsanan@aol.com

    /s/ Cece White
    cece@sananlaw.com

    Nishay K. Sanan, Esq.
    53 W. Jackson Blvd., Suite 1424

Chicago, Illinois 60604
Tel: 312-692-0360
Fax: 312-957-0111