**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-CR-536 (ACR)** |
| **v.** | : | |
| | : | |
| **[1] KAROL J. CHWIESIUK,** | : | |
| **[2] AGNIESZKA CHWIESIUK,** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S MEMORANDUM REGARDING COUNT FOUR**

Defendants Karol and Agnieszka Chwiesiuk argue that the Court should enter a judgment of acquittal on Count Four because they entered the Capitol after Congress had recessed. 40 U.S.C. § 4105(e)(2)(D) does not require the Government to prove that the Chwiesiuks were the but for cause of the disruption and the Court should deny the motion.

**I.      Background.**

Based on their actions on January 6, 2021, defendants Karol and Agnieszka Chwiesiuk are charged with Entering and Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1); Disorderly or Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). ECF No. 54. Defendant Karol Chwiesiuk was additionally charged with Entering or Remaining in a Room Designated for the Use of a Member of Congress, in violation of 40 U.S.C. § 5104(e)(2)(C)(i). *Id*. Trial commenced before a jury on August 8, 2023, and the government rested its case the following day. After the government rested, the Chwiesiuks moved to dismiss the charges under Rule 29 of the Federal Rules of Criminal Procedure. The Court denied the Chwiesiuks' Rule 29 motions on Counts One, Two, Four, and Five, but reserved ruling on

Count Three.  Karol Chwiesiuk testified on August 10.  Following his testimony, the defense rested.  The Chwiesiuks again moved to dismiss the charges under Rule 29.

## II.  Elements of the Offense

To sustain a conviction under Count Four, the government must prove beyond a reasonable doubt that the Chwiesiuks engaged in disorderly or disruptive conduct in the U.S. Capitol "with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress." *See*, Court's Proposed Jury Instructions (circulated by email Aug. 2, 2023). Moreover, the government must prove that the Chwiesiuks acted willfully and knowingly. *Id.*  The government is not, however, required to prove that the Chwiesiuks succeed in that effort—only that they act with the requisite intent.  Therefore, the question before this Court is whether a rational jury could find, making all inferences in favor of the government, that the Chwiesiuks intended to disrupt Congress, but not that they did in fact disrupt Congress.

## III.  The Government Need Not Prove that the Chwiesiuks were the *but for* Cause of Disruption.

The Chwiesiuks argue that they did not in fact disrupt Congressional proceedings when they unlawfully entered the Capitol because, at that time, both Houses of Congress had recessed and the Vice President was in a secure location.  "This argument fails."  *United States v. Rivera*, 607 F. Supp. 3d 1, 9 (D.D.C. June 17, 2022) (Kollar-Kotelly, J.).  There is no statutory requirement that the proceedings be disrupted at all, and certainly no requirement that the Chwiesiuks be the sole or only cause for an actual disruption.  What matters is the Chwiesiuks' intent.  As the *Rivera* Court explained, "[d]efendant's argument would have the Court add an additional requirement to the statute's causation clause, mandating that a defendant be the *but for* cause of a disruption. There is no such term, and the Court does not read terms into statutory provisions that are not there."  *Rivera*, 607 F. Supp. 3d at 9.  The Court continued:

The following metaphor is helpful in expressing that the statute *does* require.   Just as heavy rains cause a flood in a field, each individual raindrop itself contributes to that flood.  Only when all of the floodwaters subside is order restored to the field. The same idea applies in these circumstances.  Many rioters collectively disrupted Congressional proceedings, and each individual rioter contributed to that disruption.  Because [the defendant's] presence and conduct in part caused the continued interruption to Congressional proceedings, the Court concludes that [the defendant] in fact impeded or disrupted the orderly conduct of Government business or official functions.

*Id.*

In this case, Captain Baboulis testified, the Joint Session of Congress had to be stopped because of the presence of rioters in the building.  Rough Transcript of Captain Baboulis Testimony, 40:1-13.  She also noted that these individuals had not gone through any kind of security screening before entering the Capitol.  *Id.* at 40:14-16.  Similarly, Special Agent Glavey testified that, for the U.S. Secret Service to perform its security function, it is important to know that *no* unauthorized individuals would be entering the Capitol.  Rough Transcript of Trial Day Two, 6:20-7:9.  In addition, SA Glavey would have been uncomfortable allowing the Vice President to leave the secure location while there were protestors in the building because, without screening, she would not know whether any of the protestors have a weapon or explosive device. *Id.*, 19:5-11.  Moreover, she also testified that at approximately 8:00 pm on January 6, 2021, the Vice President left the secure location to resume the certification proceedings. *Id.*, 18:11-15.  Thus, there is sufficient evidence from which a reasonable jury could infer that Congress intended to resume but could not until all the rioters had been cleared from the building.

The Chwiesiuks entered the Capitol at approximately 2:58 pm, after the Joint Session of Congress had been suspended.  As Judge Jackson explained in *United States v. Baldwin*, 21-cr-246, "it doesn't matter to this Court if he entered the building after the official proceeding had been suspended and the Vice President had already been evacuated to another safe place within

the building." Transcript of Hearing on April 4, 2023 38:4-12. In *Baldwin*, as in this case, there is no "evidence in the record" that the Chwiesiuks were aware that the proceedings had been suspended when they entered the building. *Id.* And, like in *Baldwin*, there is evidence from which a reasonable jury could find that the Chwiesiuks were aware that official proceedings were taking place that day. *Id.; see also*, *United States v. Barnett,* No. 21-cr-38 (CPC) (D.D.C. May 5, 2023), ECF 203 at 15 (rejecting argument that the defendant could not have interfered with the certification because he entered the Capitol after Congress had recessed and left before the riot had concluded). This conclusion is consistent with the statutory text of § 5104(e)(2)(D), which requires only the "intent to disrupt," and does not require that the Government prove the actual disruption of a session of Congress.

## IV.    Conclusion.

The government respectfully requests that the Court deny the Chwiesiuks' Rule 29 motion as to Count Four.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

DATED: August 11, 2023        By:        /s/Anna Z. Krasinski
                                           Anna Z. Krasinski
                                           Assistant United States Attorney
                                           N.H. Bar No. 276778
                                           202-809-2058
                                           Anna.Krasinski@usdoj.gov

                                           Sean P. Murphy
                                           Assistant United States Attorney
                                           D.C. Bar No. 1187821
                                           787-766-5656
                                           sean.murphy@usdoj.gov