UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | **Case No: 21-CR-536 (ACR)** |
| **[1] KAROL J. CHWIESIUK,** | : | |
| **[2] AGNIESZKA CHWIESIUK,** | : | |
| | : | |
| **Defendants.** | : | |

**UNITED STATES' UNOPPOSED MOTION FOR EARLY RETURN OF TRIAL
SUBPOENA PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 17(c)**

The United States of America, by and through undersigned counsel, respectfully moves this Court for an Order permitting it to issue a subpoena *duces tecum* inviting the subpoenaed entity to produce records prior to trial pursuant to Federal Rule of Criminal Procedure 17(c). The subpoena, attached as Exhibit 1, would require crowdfunding website givesendgo.com to produce records for the account "January 6 Legal Defense Fund for Agnes." The defendants do not oppose this motion.

The subpoena would require the witness to produce the documents at the currently scheduled December 8, 2023, sentencing.[1] The government requests permission to invite the subpoenaed witness to produce the materials directly to the government in lieu of appearing in Court. In support of its requests, the government states as follows.

I.      BACKGROUND

A jury convicted defendant Agnieszka Chwiesiuk of Entering and Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1); Disorderly or Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); Disorderly Conduct in a Capitol

---

[1] On November 7, 2023, the Court granted the defendants' motion to continue the sentencing to January. The parties are working with the Court's Courtroom Deputy to arrange a new date for sentencing but the new date has not yet been set.

Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).  Sentencing is scheduled for December 8, 2023.

## II.     ANALYSIS

Federal Rule of Criminal Procedure 17(c) states that a subpoena "may order" the production of "any books, papers, documents, data, or other objects the subpoena designates." The Rule further provides that the Court "may direct" the production of the designated items "in court before trial." This Rule leaves advance production of a response to a document subpoena "to the court's discretion." *United States v. Binh Tango Vo*, 78 F. Supp. 3d 171, 178 (D.D.C. 2015) (quoting *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991)). A party seeking an early-return trial subpoena must show "(1) relevancy; (2) admissibility; [and] (3) specificity." *Id.* (quoting *United States v. Nixon*, 418 U.S. 683, 700 (1974)).

Rule 17 does not limit the use of subpoenas for trial.  Rather, the rule notes that subpoenas may issue to compel attendance at "a hearing or trial."  *See* Rule 17(e)(1).  Courts may issue subpoenas for materials relevant to sentencing.  *See, e.g., United States v. Olhovsky*, 526 F.3d 530, 544-545 (3d Cir. 2009) (finding that the district court erred in concluding that it could not subpoena a witness to testify at sentencing hearing).

In *Nixon*, 418 U.S. at 699-700, the Supreme Court adopted the Rule 17(c) analysis set forth in *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952).  Pre-hearing production under Rule 17(c) is permissible when: (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) the party cannot properly prepare for the hearing without such production and inspection in advance of the hearing and that the failure to obtain such inspection may tend unreasonably to

delay the matter; and (4) the application is made in good faith and is not intended as a "fishing expedition."

In the initial draft of the Presentence Investigation Report, the report states, "A review of the fundraising websites, givesendgo.com and gogetfunding.com, did not yield any results for a "Agnieszka Chwiesiuk."  The Government, however, proffers that there was previously a page on givesendgo.com titled "January 6 Legal Defense Fund for Agnes."  To the best of the Government's recollection, the webpage included a statement explaining that Ms. Chwiesiuk was exercising her First Amendment rights when she unlawfully entered the Capitol on January 6, 2021.  A Google search conducted on November 6, 2023, yielded the following results:



GiveSendGo.com
The Leader in Freedom Fundraising ...

GiveSendGo.com
https://www.givesendgo.com › searchbycat   ⋮

**Search By Category: The Leader in Freedom Fundraising.**

January 6 Legal Defense Fund for Agnes by: **Agnes Chwiesiuk**. Legal. To all people of goodwill,
My name is Agnieszka (... Raised: USD $ 2220.

GiveSendGo.com
https://www.givesendgo.com › searchbycat   ⋮

**Search By Category: The Leader in Freedom Fundraising.**

January 6 Legal Defense Fund for Agnes by: **Agnes Chwiesiuk** · Legal. To all people of goodwill,
My name is Agnieszka (... Raised: USD $ 2220.

The links to the specific fundraising page – January 6 Legal Defense Fund for Agnes – no longer appear to be active.

The proposed subpoena thus meets the requirements for issuance of a Rule 17(c) subpoena. This request is made in good faith for records which relate to information in the PSR, and may assist the Court in determining what, if any, fine the defendant should pay, and in evaluating a defendant's expressions of remorse or lack thereof. The government requests the records in advance of sentencing to allow the parties and the probation office sufficient time to review those records.

As noted above, Rule 17(c)(1) requires a witness to produce the designated items "in court before trial or before they are to be offered into evidence" and states that "[w]hen the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." The proposed subpoena requires the witness to produce the designated documents at the currently scheduled December 8, 2023, sentencing in this case. The government requests permission to invite the subpoenaed party to produce the documents to the government electronically in lieu of appearing at the sentencing hearing. The government will then provide copies of those documents to defense counsel and the probation office.

### III.    CONCLUSION

The government respectfully requests the Court to permit the Government to invite the subpoenaed witness to produce the materials directly to the government in lieu of appearing in Court at the sentencing hearing.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

DATED: November 8, 2023   By:    /s/Anna Z. Krasinski
Anna Z. Krasinski
Assistant United States Attorney
N.H. Bar No. 276778
On Detail from the District of New Hampshire
202-809-2058
Anna.Krasinski@usdoj.gov

Sean P. Murphy
Assistant United States Attorney
D.C. Bar No. 1187821
On Detail from the District of Puerto Rico
787-766-5656
sean.murphy@usdoj.gov