

U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

January 11, 2024

**VIA EMAIL**

Sherry Baker
Senior United States Probation Officer
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001

      Re:    *United States v. Karol Chwiesiuk*, Case No. 21-cr-536-ACR
             Government's Objection to the Final PSR

Dear Ms. Baker:

      The presentence report notes that the Probation Office has not received information to suggest that the defendant has willfully impeded or obstructed the administration of justice. ECF No. 126 ¶ 32. This refers to Guidelines § 3C1.1, which provides a 2-level enhancement for obstruction.[1] This enhancement includes false testimony at trial, so long as such testimony is material, U.S.S.G. § 3C1.1 cmt. 4(B); but it is not intended to punish the defendant for the exercise of a constitutional right or his denial of guilt. *Id.* cmt. 2.

      In light of the recent opinion in *United States v. Alford*, No. 23-3023, 2024 WL 57356 (D.C. Cir. Jan. 5, 2024), the Government objects that the PSR does not include a two-level enhancement under 3C1.1. In *Alford*, the defendant received a two-level sentencing enhancement under 3C1.1 when he provided "misleading testimony at trial." The Court affirmed the application of the enhancement even though the defendant's testimony fell "short of deliberate falsehoods" because it was "disingenuous and not entirely candid or truthful." *Alford*, 2024 WL 57356 at *7.

      In *Alford*, the defendant testified that he traveled to D.C. to "enjoy [himself], take some pictures, enjoy some like-minded people." *Id.* at 7 n. 5. The defendant "also claimed not to notice the signs and barricades restricting access to the Capitol and claimed not to know that he was not allowed inside." *Id.* In addition, the defendant testified that, "once in the Capitol, he was just 'being a sightseer in D.C.'" *Id.* The enhancement applied because the defendant's testimony was "disingenuous and not entirely candid or truthful." *Alford*, 2024 WL 57356 at *7.

---

[1] In an earlier draft of this letter, which was sent to the Probation Office, the government incorrectly cited this as a three-level enhancement. The defense caught and corrected this error in its letter.

**Chwiesiuk Exhibit A**

Karol Chwiesiuk's testimony mirrors the defendant's misleading testimony in *Alford*. He testified that he did not see the AREA CLOSED signs when he went to the Capitol the evening of January 5, 2021, despite taking a selfie near them.  Aug. 10, 2023, Tr. Tran. 21:17-24; *see also*, Image 2.  He also claimed not to notice signs and barricades restricting access to the Capitol and claimed that he "did not have an impression that the area was closed off." *Id.*, at 20:21-21:14, 31:1-31:7. He claimed that he believed it was "okay for [him] to be [inside the Capitol]," *id.*, at 38:19-21, despite seeing broken windows and people smoking inside the Capitol, despite the audible, blaring alarm, and despite his description of the scene inside the Capitol as "[t]remendously loud" and "tremendously crowded," *id.*, at 32:7-10.  He testified that he believed that the hideaway office of a United States Senator was a smoking room because other rioters were smoking inside, yet even he called the idea that it was a smoke room "unbelievable." *Id.*, at 34:4-34:14.  Like the defendant in *Alford*, Karol Chwiesiuk's testimony was "disingenuous and not entirely candid or truthful."  A two-level enhancement under 3C1.1 should apply.

With a two-level enhancement under 3C1.1, Chwiesiuk's total offense level would be 10. With a criminal history category of I, his guideline imprisonment range should be 6-12 months, not 0-6 months.[2]

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By: /s/
Sean Murphy
Anna Krasinski
Assistant United States Attorneys

CC: Nishay Sanan, Esq.
Cece White, Esq.
*Counsel for Karol Chwiesiuk*

---

[2] The Government previously objected to the application of 4C1.1.  If the Court sustained the Government's objection on this guideline a included a two-level enhancement under 3C1.1, the base offense level would be 12, yielding a sentencing guideline range of 10-16 months.

**Chwiesiuk Exhibit A**